UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MICHAEL J. BOURFF, | : | |
| | : | CASE NO. 09-76988-MHM |
| DEBTOR. | : | |
| _____ | | _____ |
| DONALD F. WALTON, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| MICHAEL J. BOURFF, | : | |
| | : | |
| RESPONDENT. | : | |

**MOTION TO DISMISS OR CONVERT CASE**

COMES NOW Donald F. Walton, United States Trustee for Region 21, and respectfully moves this Court to dismiss this case or convert it to chapter 7 because the debtor has failed to file required schedules and statements and failed to attend the section 341(a) meeting of creditors. In support of his motion, the United States Trustee shows as follows.

1.

The debtor commenced this case on July 2, 2009, by filing a *pro se* petition for relief under chapter 11 of the United States Bankruptcy Code. [Docket Entry No. 1]

2.

The debtor is serving as a debtor-in-possession in this case. 11 U.S.C. § 1101(1).

3.

Pursuant to Bankruptcy Code section 521 and Federal Rule of Bankruptcy Procedure 1007 the debtor was required to file schedules and a statement of financial affairs with the petition or within 15 days of filing the petition.

4.

On July 17, 2009, the debtor filed a motion for extension of time to file the required papers. [Docket Entry No. 14]   The debtor requested the Court extend the deadline to July 30, 2009.

5.

On July 24, 2009, the Court entered an order granting the debtor's motion and extending the deadline to July 24, 2009. [Docket Entry No. 17]

6.

The docket shows that as of the date of this motion (August 7, 2009) the debtor still has not filed the required schedules and statement of financial affairs.

7.

The debtor's failure to file the required schedules and statement of financial affairs is cause for conversion of this case. 11 U.S.C. § 1112(b)(4)(F).

8.

Bankruptcy Code section 343 requires the debtor to attend the meeting of creditors conducted pursuant to section 341.

9.

The debtor failed to appear for the meeting of creditors scheduled August 6, 2009.

10.

The debtor's failure to attend the section 341(a) meeting of creditors is cause for conversion of this case. 11 U.S.C. § 1112(b)(4)(G).

11.

Bankruptcy Code section 1112 provides that, except as provided in section 1104(a)(3), if the party moving for dismissal or conversion establishes cause, absent unusual circumstances specifically identified by the Court that establish that the requested dismissal or conversion is not in the best interests of creditors and the estate, the Court shall dismiss or convert the case to chapter 7, whichever is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b)(1).[1]

12.

Once cause is proven, relief is mandatory unless the debtor meets his burden under section 1112(b)(2). *In re Kholyavka*, 2008 WL 3887653 at FN9.

13.

"Although section 1112 does not define the phrase 'unusual circumstances,' it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any

---

[1] Section 1104(a)(3) provides that the Court shall order the appointment of a trustee if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding." *In re Kent*, 2008 WL 5047799 at *6 (Bankr. N.D. Arizona), *In re Blixseth*, 2009 WL 1525994 (Bankr. D. Montana).

WHEREFORE, the United States Trustee requests the Court dismiss this case or convert it to chapter 7.

DONALD F. WALTON
United States Trustee, Region 21

*s/ Jeneane Treace*
R. JENEANE TREACE
Georgia Bar No. 716620
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia  30303
(404)331-4437
jeneane.treace@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 18, 2009, I served a copy of this motion by First Class United States Mail upon the following:

**Michael J. Bourff**
7097 Riverside Drive
Sandy Springs, GA 30328

**Richard H. Siegel**
McCalla Raymer, et al
1544 Old Alabama Road
Roswell, GA 30076-2102

**H. Tucker Dewey**
HALE DEWEY & KNIGHT
88 Union Avenue
Suite 700
Memphis, TN 38103

*s/ Jeneane Treace*
R. Jeneane Treace
Georgia Bar No. 716620